## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **MARTHA WAGNER, et al.,** : | |
| : | Chief Judge Dlott |
| Plaintiffs, : | |
| : | Case No.  1:14cv00648 |
| vs. : | |
| : | ORDER GRANTING IN PART |
| **JOHN B. McCarthy,** : | MOTION FOR PRELIMINARY |
| : | INJUNCTIVE RELIEF |
| Defendant. : | |

      This matter is before the Court on Plaintiffs' Motion for Preliminary Injunctive Relief. (Doc. 8.)  The Court held a hearing on Plaintiffs' Motion on September 26, 2014, at which time Plaintiffs called five witnesses to testify on their behalf and counsel for both Plaintiffs and Defendant made oral arguments. The Court has considered all relevant pleadings and the evidence presented during the preliminary injunction hearing.  For the reasons summarized by Plaintiffs' counsel during closing argument and for the reasons stated below, the Court finds that the relief requested as to the particular Plaintiffs named in this case is warranted.

      Federal Rule of Civil Procedure 65 authorizes the Court to grant preliminary injunctive relief.  A district court is to consider the following four factors when deciding to issue such an order:  (1) whether the movant has demonstrated a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of preliminary injunctive relief.  *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *see also Mason Cnty. Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  "[T]he four considerations applicable to preliminary injunctions are factors to be balanced and not prerequisites that must be satisfied. . . .  These factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements."  *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 859 (6th Cir. 1992) (citations omitted).

In this case, there is little doubt that Plaintiffs will succeed on the merits. The Sixth Circuit's well-reasoned opinion in *Hughes v. McCarthy*, 734 F.3d 473 (6th Cir. 2013) is directly on point and binding on this Court. As to the matter of irreparable harm, the Court agrees with the arguments made by Plaintiffs' counsel and finds that the evidence presented thus far demonstrates that Plaintiffs have suffered and will continue to suffer substantial distress over the unsettled questions of who will pay for the institutionalized spouses' care, whether those individuals will be forced out of their current residences, and whether the non-institutionalized spouses will be forced into poverty without adequate resources to provide for their own care as a result of Defendant's actions. The final two factors additionally weigh in favor of granting the injunctive relief described below.

Based on the foregoing, the Court **GRANTS IN PART** Plaintiffs' Motion for Preliminary Injunctive Relief.

**IT IS HEREBY ORDERED** that the Defendant, his successors, agents, employees, and all others in active concert and participation with them:

1. Are enjoined from interpreting and implementing Ohio Administrative Code sections 5160:1-3-07(G)(2) and 5101:6-7-02(C) to impose restricted coverage upon Plaintiffs Martha Wagner, Ellen Reeves, and Phyllis Cohen due to the transfer of community resources to purchase an actuarially sound annuity for the sole benefit of their respective community spouse, Plaintiffs Joseph Wagner, Roy Reeves, and William Cohen, after the date of institutionalization but before the institutionalized spouse's Medicaid eligibility is or was determined;

2. Are enjoined from taking any position or advancing any argument that is inconsistent with this order or with *Hughes v. McCarthy*, 734 F.3d 473 (6th Cir. 2013) in any

    administrative proceeding or state court appeal related to the Medicaid applications of Plaintiffs Martha Wagner, Ellen Reeves, and Phyllis Cohen;

3. Are ordered to lift the periods of restricted coverage previously imposed upon Plaintiffs Martha Wagner, Ellen Reeves, and Phyllis Cohen;

4. Are ordered to send immediate notice of and direct immediate compliance with this Order to all relevant Ohio county departments of job and family services and all others involved in processing the Medicaid applications of Plaintiffs Martha Wagner, Ellen Reeves, and Phyllis Cohen on behalf of Defendant for the State of Ohio on or before October 3, 2014; and

5. Are ordered to report compliance with this Order to this Court by filing a sworn affidavit of compliance on or before October 6, 2014.  Failure to file the affidavit of compliance will result in a contempt hearing, in which the Court will consider issuing an Order demanding the Centers for Medicare & Medicaid Services and the United States Department of Health & Human Services withhold federal funding of Ohio's Medicaid program in light of Defendant's non-compliance with federal law.

Finally, Due to the extreme likelihood that Plaintiffs will succeed on the merits, the Court finds it unnecessary to require the posting of a bond in this case.

**IT IS SO ORDERED.**

                                                S/Susan J. Dlott_____
                                                Chief Judge Susan J. Dlott
                                                United States District Court